United States District Court
Southern District of Texas
**ENTERED**
May 05, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAUL JOHN HANSEN, §<br>§<br>*Plaintiff,* §<br>§<br>v. §<br>§<br>THE STATE OF NEBRASKA, *et al.,* §<br>§<br>*Defendants.* § | Civil Action No. H-26-3422 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Paul John Hansen, identifying himself as "one of the People of Texas," filed a *pro se* civil complaint for trespass of property against PayPal Holdings, Inc. and the State of Nebraska. He seeks leave to proceed *in forma pauperis*. He does not state that he is in custody of any federal, state, or municipal detention or correctional facility at this time.

Having considered the complaint, matters of public record, and the applicable law, the Court **DISMISSES** this lawsuit with leave to amend for the reasons explained below.

### I.  BACKGROUND AND CLAIMS

Plaintiff's complaint is difficult to follow due to his reliance on sovereign-citizen-style arguments. Liberally construed, the complaint alleges that PayPal Holdings, Inc. and the State of Nebraska trespassed against plaintiff's property at an unspecified location by removing funds from his PayPal account to pay back taxes he owes to the State of Nebraska. Plaintiff seeks itemized damages in an amount of $45,860.38.

Plaintiff references his blog or website in his complaint. (Docket Entry No. 1, ¶ 3.19.) In an attempt to better understand plaintiff's obscure pleadings, the Court has reviewed the blog and its links to several business websites maintained by plaintiff under his own name. The Court takes judicial notice of plaintiff's multiple websites, as cited herein. Plaintiff describes himself in these websites as a "student of territorial specific law and constitutional limitations of the US and STATE Governments" who "know[s] how to utilize 'common law courts of record' for every act on American soil." He denies being a United States citizen and identifies as "a 'free inhabitant' pursuant to Article 4 of The Articles of Confederation." *See* http://www.pauljjhansen.com/?author=2 (last visited on May 1, 2026); *see also* http://www.pauljjhansen.com/?page_id=2 (last visited on May 1, 2026).

Plaintiff offers for sale on his websites instructional materials and "legal expertise" services for handling taxes, preventing government interference, and living "independent of the constitutional corporate US governments," state laws, and court systems. *See, e.g.,* https://freeinhabitant.info/counseling-fees/counsel-time-available-by-paul-john-hansen.htm (last visited on May 1, 2026). Although plaintiff refers to himself as "technically a lawyer" on his websites and charges $35.00 per hour for "legal counseling," he is not a licensed attorney. *See State ex rel. Comm. on Unauth. Prac. of Law v. Hansen*, 286 Neb. 69, 834 N.W.2d 793 (2013) (affirming injunction issued by Nebraska Commission on Unauthorized Practice of Law enjoining plaintiff from engaging in the unauthorized practice of law).

2

The Court sets out this additional background information not to denigrate plaintiff or his beliefs, but because his pleadings incorporating these judicially rejected[1] ideologies and tenets deprive the Court of jurisdiction.

## II.  JURISDICTION

Plaintiff claims that he filed this lawsuit "In the Superior Common Law Court of Record of the People of Texas, utilizing the United States District Court for the Southern District of Texas facilities." (Docket Entry No. 1, p. 1, original emphasis.)  Contrary to plaintiff's belief, there is no such court known as "the Superior Common Law Court of Record of the People of Texas" and no such court utilizes this Court's facilities.  Plaintiff filed this lawsuit in the United States District Court for the Southern District of Texas, Houston Division, and is bound by the Court's constitutional and statutory jurisdictional requirements and limitations.

To the extent plaintiff argues that he is entitled to pursue this lawsuit under "the People's jurisdiction" and "common law" jurisdiction, he is mistaken.  The jurisdiction of

---

[1]"Free inhabitant" and sovereign-citizen-type arguments such as those espoused by plaintiff are misconceptions of law commonly raised by *pro se* litigants. These and similar arguments have been universally rejected by the courts. *See, e.g.*, *Watson v. Texas State Univ.*, 829 F. App'x 686, 686 (5th Cir. 2020) (per curiam) (denying relief on claims based on the "meritless legal theories associated with the sovereign citizen movement"); *United States v. Williams*, 29 F.4th 1306, 1308 (11th Cir. 2022) (noting that courts have repeatedly rejected sovereign citizens' "theories of individual sovereignty, immunity from prosecution, and their ilk"); *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (describing the arguments of sovereign citizens as "meritless rhetoric"). "These [sovereign citizen] teachings have never worked in a court of law—not a single time." *Wirsche v. Bank of Am., N A.*, No. 7:13-cv-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013).

federal district courts is limited to cases or controversies that are "authorized by Article III of the [United States] Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Because of these limits on federal judicial power, district courts have a duty to evaluate subject matter jurisdiction, *sua sponte*, before reaching the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Under Federal Rule of Civil Procedure 8(a)(1), a plaintiff must plead "a short and plain statement of the grounds for the court's jurisdiction." In his complaint, plaintiff incorrectly "demands that Defendants submit to the Court proof of jurisdiction, or authority, if any," and that he be granted judicial relief "[i]f no proof of jurisdiction is submitted to the Court." (Docket Entry No. 1, ¶¶ 3.3, 3.4, original emphasis.) The defendants have no such burden as to jurisdiction. Plaintiff elected to file this lawsuit in federal court and, by doing so, undertook the burden to establish federal jurisdiction. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (holding that the burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it). If the party invoking federal jurisdiction fails to establish it, the lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Citing no applicable law and pleading no factual allegations in support, plaintiff states that he is "proceeding under diversity of citizenship." *Id.*, ¶ 3.17. Diversity jurisdiction in

4

federal district court is governed by 28 U.S.C. § 1332, which provides that the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. Plaintiff's complaint seeks itemized damages in an amount of $45,860.38, and he fails to show that he meets the statutory amount in controversy. Consequently, his complaint falls short of establishing subject matter jurisdiction under § 1332.

Moreover, plaintiff fails to establish diversity jurisdiction as to PayPal Holdings, Inc. Plaintiff pleads no factual allegations establishing that his citizenship is diverse from that of PayPal Holdings, Inc. To be clear, plaintiff does not allege that he is a citizen of *any* particular state, which is consistent with his unilateral rejection of territorial "statism." His claim of being "one of the People of Texas" is not an assertion of Texas citizenship. Because he claims no particular state citizenship and provides no facts as to an intended state domicile, he cannot establish diversity of citizenship for purposes of § 1332. The Court gives no credence to the Colorado address of record plaintiff provides in his complaint, as it is a maildrop with no indicia of citizenship: "Claimant, **contact** INFO – Paul John Hansen, c/o - Frank Rodrick, 14205 W 52nd Ave. Arvada, Colorado [near 80002] . . . ." (Docket Entry No. 1, ¶ 2.2, original emphasis.) Plaintiff emphasizes that this is only a "Mailing Location." *Id.*, p. 8, original emphasis.

Even assuming plaintiff had properly alleged citizenship as to a particular state, he fails to establish citizenship as to PayPal Holdings, Inc. for purposes of diversity jurisdiction.

5

Plaintiff identifies PayPal Holdings, Inc. as a corporation that can be served through its registered agent in Dallas, Texas. *Id.*, ¶ 2.3. This is insufficient to establish citizenship of PayPal Holdings, Inc. under § 1332(c). Plaintiff fails to establish subject matter jurisdiction under § 1332, and his claims against PayPal Holdings, Inc. are **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION**.

The Court need not address the issue of diversity jurisdiction as to defendant State of Nebraska, as Eleventh Amendment sovereign immunity bars plaintiff's claims against the state in federal court. "Federal courts are without jurisdiction over suits against a state . . . unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393–94 (5th Cir. 2015). Plaintiff has not pleaded any facts establishing an exception to this well-settled rule, and his claims against the State of Nebraska are **DISMISSED WITHOUT PREJUDICE** as barred by immunity.

### III.  PAYMENT OF FILING FEE

Plaintiff states under penalty of perjury in his application to proceed *in forma pauperis* that he has no income, living expenses, or debts, and that he owns no property other than two inoperable motor vehicles. (Docket Entry No. 2.) These assertions are inconsistent with his complaint seeking recovery for funds removed from his PayPal account to pay back taxes. They are also inconsistent with and refuted by his assertions on his business websites that he maintains a "law office" at 238 South Egret Bay Blvd, #155, League City, Texas 77573; that "At times I clear/net $15K+/month and I file [*sic*] no State or Federal Income Returns (1040

6

Form) since the year 1999"; that "My income is primarily derived from rental properties, legal counsel fees, selling PowerPoint presentations"; and that "My income is primarily derived from selling law related briefs with access to expanded law information topically, and aiding people in every manner possible to do well in their legal battles. I also counsel people across the country in living independently of the corporation called the US INC." *See* https://freeinhabitant.info/about-me (last visited on May 1, 2026); http://www.pauljjhansen.com/ (last visited on May 1, 2026); http://www.pauljjhansen.com/?p=2251 (last visited on May 1, 2026). Plaintiff also states in a January 28, 2026, online blog at https://uberxo.com/2026/01/ (last visited on May 1, 2026) that he "has years of 200K income." When asked in federal court in October 2022 whether he had "assets the IRS could go after if they were aggressive," he stated in the affirmative that he "had 28 houses and 150 acres of land. The land is worth about 1.5 million or 1.9, and the houses vary from 150 to $35,000 [*sic*]." *United States v. Smith*, C.A. No. Case 1:21-cr-520 (N.D. Ohio) (Trial Transcript at 577.)

The Court further notes that plaintiff claimed under penalty of perjury in his application that he owns only two motor vehicles – an inoperable 2004 Honda Element and an inoperable 2001 Honda motorcycle. The Court takes judicial notice that plaintiff filed a pending lawsuit in December 2025 in the United States District Court for the Southern District of Alabama, Mobile Division, *Hansen v. State of Alabama*, C.A. No. 1:25-cv-00493-KD-N (S.D. Ala.). In the lawsuit, plaintiff, as "one of the People of

7

Alabama," seeks damages for loss of use of his 2005 Jeep after it was stopped for failure to display license plates and subsequently impounded in Creola, Alabama. Plaintiff failed to disclose ownership of the Jeep in his instant application to proceed *in forma pauperis*.

Plaintiff does not establish that he is indigent, and his application to proceed *in forma pauperis* (Docket Entry No. 2) is **DENIED**. Plaintiff is **ORDERED** to pay the $405.00 filing fee within **TWENTY-ONE DAYS** from date of this order. Plaintiff's failure to comply timely with this order will result in dismissal of this lawsuit without further notice for non-payment of the filing fee. Plaintiff is advised that Article 1, Section 10 of the United States Constitution does *not* require him to pay the filing fee with gold or silver coin or one-dollar federal reserve notes. Plaintiff may pay the filing fee by cash, check, certified check, or credit card.

### IV.  CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1.    Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

2.    Plaintiff is **GRANTED** leave to amend to cure his pleading deficiencies as set forth in this Memorandum Opinion and Order. Any curative amended complaint must be filed within **TWENTY-ONE DAYS** from date of this order. The amended complaint may not add new parties or causes of action. Should plaintiff not file a timely and properly-pleaded amended complaint, the Court will enter a final judgment dismissing this lawsuit.

3.      Should plaintiff elect to file an amended complaint pursuant to this order, he must also plead factual allegations sufficient to establish that the Southern District of Texas, Houston Division, is a court of proper venue.

4.      Plaintiff is **ORDERED** to pay the $405.00 filing fee within **TWENTY-ONE DAYS** from date of this order.

Signed at Houston, Texas, on this the 4th day of May, 2026.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE